UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

VALERIA JEAN TOSTIGE,

                Debtor.
_____/

Case No. 13-49101

Chapter 7

Judge Thomas J. Tucker

THE GLADYS RAGSDALE TRUST,

                Plaintiff,

vs.

VALERIA JEAN TOSTIGE,

                Defendant.
_____/

Adv. Pro. No. 13-4853

**OPINION REGARDING THE UNRESOLVED PORTIONS
OF THE PENDING CROSS-MOTIONS FOR SUMMARY JUDGMENT,
AND REGARDING DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S SUMMARY JUDGMENT MOTION**

**I. Introduction**

The Plaintiff in this adversary proceeding is a revocable trust created by the settlor, Gladys Ragsdale, in early 2007 ("Plaintiff" or "the Plaintiff Trust"). Defendant Valerie Jean Tostige ("Defendant") is the daughter of Gladys Ragsdale, and is one of the beneficiaries of the Trust.[1] Several months before the Trust was created, in August 2006, Gladys Ragsdale loaned Defendant a total of $40,118.00 (the "Loan"), which was to be repaid with interest at a specified rate. On May 1, 2013, the Plaintiff Trust filed suit in the Wayne County, Michigan Probate Court (the "State Court") and obtained a default judgment for $62,677.00 against Defendant, for

---

[1] Another of the beneficiaries of the Trust is Defendant's brother, Mark Ragsdale, who is also the Trustee of the Trust.

Defendant's failure to repay the Loan (the "State Court Judgment").[2] Defendant filed her Chapter 7 bankruptcy case the next day on May 2, 2013. Later, on June 8, 2014, Gladys Ragsdale died, without having revoked the Trust, so the Trust became irrevocable.

The Trust filed this adversary proceeding, seeking, first, a determination that Defendant's debt to the Trust was nondischargeable under 11 U.S.C. § 523(a)(2). This Court rejected that claim. In an earlier order granting partial summary judgment in this case, the Court ruled that any debt owed by Defendant to the Plaintiff Trust was discharged by the Chapter 7 discharge that Defendant obtained on March 24, 2014.

A second claim remains unresolved, related to the fact that Defendant is a beneficiary of the Trust. The Plaintiff Trust seeks a declaratory judgment, declaring that it has a right of recoupment and/or setoff against any debt it owes to Defendant (*e.g.*, for distributions), of Defendant's debt to the Trust, which right survives the bankruptcy discharge. Defendant contests such claim, for several reasons. Each side seeks summary judgment.

For the reasons stated in this opinion, the Court will grant Plaintiff's motion for summary judgment, but only in part, and otherwise deny it, and deny Defendant's motion for summary judgment. The Court also will deny a motion filed by Defendant to strike Plaintiff's summary judgment motion. In this ruling, the Court decides the bankruptcy law-related issues that it can, but abstains from deciding several state law issues, leaving the parties to litigate those issues in the State Court.

**II. Course of proceedings**

---

[2] A copy of the State Court Judgment is in the record, among other places, as Exhibit B to Plaintiff's summary judgment motion (Docket # 99).
2

Defendant's failure to repay the Loan (the "State Court Judgment").[2] Defendant filed her Chapter 7 bankruptcy case the next day on May 2, 2013. Later, on June 8, 2014, Gladys Ragsdale died, without having revoked the Trust, so the Trust became irrevocable.

The Trust filed this adversary proceeding, seeking, first, a determination that Defendant's debt to the Trust was nondischargeable under 11 U.S.C. § 523(a)(2). This Court rejected that claim. In an earlier order granting partial summary judgment in this case, the Court ruled that any debt owed by Defendant to the Plaintiff Trust was discharged by the Chapter 7 discharge that Defendant obtained on March 24, 2014.

A second claim remains unresolved, related to the fact that Defendant is a beneficiary of the Trust. The Plaintiff Trust seeks a declaratory judgment, declaring that it has a right of recoupment and/or setoff against any debt it owes to Defendant (*e.g.*, for distributions), of Defendant's debt to the Trust, which right survives the bankruptcy discharge. Defendant contests such claim, for several reasons. Each side seeks summary judgment.

For the reasons stated in this opinion, the Court will grant Plaintiff's motion for summary judgment, but only in part, and otherwise deny it, and deny Defendant's motion for summary judgment. The Court also will deny a motion filed by Defendant to strike Plaintiff's summary judgment motion. In this ruling, the Court decides the bankruptcy law-related issues that it can, but abstains from deciding several state law issues, leaving the parties to litigate those issues in the State Court.

**II. Course of proceedings**

---

[2] A copy of the State Court Judgment is in the record, among other places, as Exhibit B to Plaintiff's summary judgment motion (Docket # 99).

This adversary proceeding came before the Court for two lengthy hearings, regarding three motions: (1) Plaintiff's motion for summary judgment (Docket # 99); (2) Defendant's motion for summary judgment (Docket # 100)(collectively, the "Summary Judgment Motions"); and (3) Defendant's motion to strike, etc. (Docket # 117). The Court ruled on the Summary Judgment Motions, in part, in a bench opinion given during the hearing held on January 21, 2015 (the "January 21 bench opinion"). The Court's partial ruling was in favor of Defendant on the nondischargebility issue; the Court ruled that any pre-petition debt Defendant owed to Plaintiff was discharged in Defendant's pending Chapter 7 bankruptcy case. (*See* Order, filed January 22, 2015 (Docket # 137 at 2, ¶¶ 2-4)).

The Court then ordered further proceedings on the Summary Judgment Motions, with respect to the unresolved portions of the those motions. Those unresolved portions of the motions (the "unresolved issues") concern the unresolved portion of Plaintiff's Complaint, which seeks a declaratory judgment. Beginning with the Order filed on January 22, 2015 (Docket # 138), the Court ordered further briefing, and held a further hearing, on the unresolved issues.

## III. Discussion

The Court makes the following findings and conclusions that are relevant to the pending motions. There is no genuine dispute regarding the facts that are material to the rulings the Court makes today.

1. The Court has subject matter jurisdiction over this adversary proceeding and all of Plaintiff's claims in this adversary proceeding. All of Plaintiff's claims in this adversary proceeding are core proceedings. These conclusions are made for the reasons stated by the Court in its January 21, 2015 bench opinion, which are incorporated into this opinion by reference. In

3

addition, the Court has subject matter jurisdiction to decide Plaintiff's claim seeking the declaratory judgment, and that claim is a core proceeding, because the setoff-related issues that the Court decides today make this a core proceeding under 28 U.S.C. § 157(b)(2)(O). In addition, this proceeding falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *see id.*, namely Bankruptcy Code § 553. And this is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *See Allard v. Coenen*, 419 B.R. at 27.

2. Even if, and to the extent, Plaintiff's claim for a declaratory judgment was not a core proceeding, the Court would have "related to" subject matter jurisdiction at a minimum, under 28 U.S.C. § 1334(b), and Plaintiff's claim would be subject to the parties' right of consent under 28 U.S.C. § 157(c)(2). Both parties have expressly, knowingly, and voluntarily consented to this bankruptcy court entering a final order or judgment in this adversary proceeding, as permitted by § 157(c)(2). (*See* Report of Parties' Rule 26(f) Conference, filed September 25, 2013 (Docket # 13), at 3, ¶ 3(g).) Thus, even if Plaintiff's declaratory judgment claim were a non-core proceeding, this bankruptcy court has statutory and constitutional authority to enter a final judgment on such claim. *See* 11 U.S.C. § 157(c)(2); Fed.R.Bankr.P. 7012(b); *see generally Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

3. In ruling on the unresolved issues, the Court is applying all of the applicable principles

4

that govern motions for summary judgment. The Court described those principles in its January 21, 2015 bench opinion, and incorporates that discussion into this opinion now, by reference.

4. Plaintiff Trust seeks a declaratory judgment, declaring that it has a right of recoupment and/or setoff against any debt it owes to Defendant, of Defendant's alleged debt to the Trust, which right survives the bankruptcy discharge that Defendant has obtained of her debt to Plaintiff.

5. Defendant contends that the State Court Judgment is subject to challenge on grounds that prevent giving the judgment preclusive effect under principles of collateral estoppel — namely, that the State Court Judgment was obtained by Plaintiff having committed a fraud upon the State Court. And Defendant contends that she has never owed any debt to the Plaintiff Trust. Defendant contends that the claim based on the Loan made by Gladys Ragsdale to Defendant, which is the subject of the State Court Judgment, and any right to sue for repayment of such loan, were never transferred to or assigned to the Trust, but rather belonged, at all relevant times, only to Gladys Ragsdale, not the Plaintiff Trust.[3] And Defendant alleges that the Trustee of the Trust and the Trust's state court attorney knew this, but did not disclose it to the State Court, when they sought and obtained the State Court Judgment against Defendant.

6. The Court finds it unnecessary to reach the merits of Defendant's arguments described in paragraph 5 above, or to decide about the validity of the State Court Judgment, or whether Defendant owed any debt to the Plaintiff Trust before Defendant obtained her bankruptcy discharge. As discussed below, this Court abstains from deciding any of those issues, because

---

[3] As Defendant correctly points out, any debt that the Defendant owed to Gladys Ragsdale, as of the bankruptcy petition date, was discharged when Defendant obtained her discharge in her Chapter 7 case.

5

those issues should be decided by the State Court, rather than by this Court.

7. When Defendant filed her bankruptcy petition on May 2, 2013, the Plaintiff Trust was still a revocable trust, by its terms and because the settlor of the trust, Gladys Ragsdale, was still living.

8. Gladys Ragsdale died on June 8, 2014, at which time the Plaintiff Trust, never having been revoked, became irrevocable.

9. Both before and after Defendant filed her bankruptcy petition on May 2, 2013, Defendant was a beneficiary of the Plaintiff Trust. As such, she has a right to certain distributions from the Trust.

10. Under Michigan common law, and but for the discharge Defendant obtained in her bankruptcy case, the Plaintiff Trust would have a right of setoff against Defendant, by which Plaintiff could offset any debt it owes to Defendant (*e.g.*, distributions due to Defendant from the Trust) against any debt Defendant owed to the Plaintiff Trust. *See, e.g., In re New Haven Foundry, Inc.*, 285 B.R. 646, 647-48 (Bankr. E.D. Mich. 2002) and cases cited therein.

11. Contrary to the Plaintiff Trust's argument that it has a right of recoupment, not just a right of setoff, the Court concludes that Plaintiff has no right of recoupment. Rather, Plaintiff's right is at most a right of setoff, not recoupment. This is because Defendant's alleged debt to the Plaintiff Trust (which is based on the $40,118.00 Loan made in August 2006 by Gladys Ragsdale to Defendant, and the State Court Judgment based on such Loan) arose from a separate, independent transaction from the Plaintiff Trust's debt to Defendant (which arose based on the terms of the Trust, which was created by separate documents executed by Gladys Ragsdale in 2007). The two debts did not arise from the same transaction, but rather from separate

transactions. Therefore, recoupment does not apply. *See In re Slayton*, 509 B.R. 90, 94 (Bankr. E.D. Mich. 2014); *In re Delicruz*, 300 B.R. 669, 679-80 (Bankr. E.D. Mich. 2003).

12. Although Defendant's alleged debt to the Plaintiff Trust was discharged, by the discharge that Plaintiff obtained in her Chapter 7 bankruptcy case, the Plaintiff Trust's common law right of setoff survives Defendant's bankruptcy discharge, *if* that setoff right meets all of the requirements of 11 U.S.C. § 553(a). To the extent there is disagreement in the case law about this point, this Court finds persuasive, and agrees with, the cases holding that a right to setoff meeting the requirements of § 553(a) survives a Chapter 7 bankruptcy discharge. *See, e.g.*, *In re Ketelsen*, 282 B.R. 208, 211-14 (Bankr. E.D. Tenn. 2001) and cases cited therein.

13. Section 553(a) states that, with certain exceptions not applicable here, the Bankruptcy Code ("this title") "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case[.]"

14. Assuming that the debt Defendant allegedly owed to the Plaintiff Trust, which is the subject of the State Court Judgment, is a valid debt (an assumption that Defendant must challenge, if at all, in the State Court), such debt clearly arose before the commencement of Defendant's bankruptcy case, within the meaning of § 553(a).

15. None of the exceptions to the survival of a right of setoff in § 553(a), contained in §§ 553(a)(1) through 553(a)(3), apply to such alleged debt of Defendant to the Plaintiff Trust.

16. Any debt that the Plaintiff Trust owes to Defendant arose before the commencement of Defendant's bankruptcy case, within the meaning of § 553(a).

7

13-04853-tjt    Doc 166    Filed 09/15/15    Entered 09/15/15 15:18:01    Page 7 of 15

17. This is so, despite the fact that the Plaintiff Trust was a revocable trust until well after the commencement of Defendant's bankruptcy case on May 2, 2013 (*i.e.*, until Gladys Ragsdale died on June 8, 2014). Defendant argues that the revocable nature of the Plaintiff Trust as of the petition date means that Defendant's claim against the Trust arose only after the petition date, when the Trust became irrevocable. Defendant has cited cases applying the law of jurisdictions other than Michigan in support of this argument, namely *Kosmala v. Cook* (*In re Cook*), No. SA–07–01143–ES, 2008 WL 8444785 (B.A.P. 9th Cir. November 3, 2008); *Burton v. Ulrich* (*In re Schmitt*), 215 B.R. 417 (B.A.P. 9th Cir. 1997); and *Zimmermann v. Spencer* (*In re Spencer*), 306 B.R. 328 (Bankr. C.D. Cal. 2004). But the Court finds those cases unpersuasive, in large part, because they are inconsistent with Michigan law, which applies to the Plaintiff Trust in this case.

18. Under Michigan law, a beneficiary of an inter vivos revocable trust "has a vested interest in the [trust] property and the power to revoke is a condition subsequent which will result in divestment of the interest;" and this interest is an "expectant estate" that is "descendible, devisable and alienable" under Mich. Comp. Laws Ann. § 554.35.[4] *See Fouts v. United States*, 107 F. Supp. 2d 815, 817 (W.D. Mich. 2000)(citations omitted). *See also Goodrich v. City Nat. Bank & Trust Co. of Battle Creek*, 258 N.W. 253, 256 (Mich. 1935)(beneficiaries of revocable trust took "vested interests" in trust property, subject to "conditions subsequent" such as the settlor's power to revoke the trust); *Detroit Bank & Trust Co. v. Grout*, 289 N.W.2d 898, 909 (Mich. Ct. App. 1980)(same holding as *Fouts*, cited above); *Grace T. Jernstad Trust v. Annelin*,

---

[4] Section 554.35 states that "[e]xpectant estates are descendible, devisable and alienable, in the same manner as estates in possession."

No. 238615, 2003 WL 1558079, at *1 (Mich. Ct. App. March 25, 2003)(unpublished opinion) ("A revocable intervivos trust creates a vested present interest in the beneficiary subject only to revocation by the grantor or settlor during her lifetime.")(citing the *Grout* case, cited above).

19. Based on these Michigan cases, the Court concludes that under Michigan law, at the time Defendant filed her bankruptcy case on May 2, 2013, her interest in the Trust property, and her right to distributions, as a beneficiary of the Plaintiff Trust, which was still a revocable trust at the time, constituted a vested present interest. And that vested present interest had arisen before Defendant commenced her bankruptcy case, within the meaning of Bankruptcy Code § 553(a).

20. This is true even though Defendant's vested interest was in a sense *contingent* as of the bankruptcy petition date (*i.e.*, contingent on the settlor Gladys Ragsdale not revoking the Trust before she died), and even though the *amount* of Defendant's vested interest was not necessarily liquidated yet, as of the petition date. *See generally Michigan Consolidated Gas Co. v. Fred Sanders Co.* (*In re Fred Sanders Co.*), 33 B.R. 310, 312 (Bankr. E.D. Mich. 1983); *In re Morgan*, 77 B.R. 81, 83-85 (Bankr. S.D. Miss. 1987)(citing *Luther v. United States*, 225 F.2d. 495 (10th Cir. 1955)).

21. And this is true even though Mich. Comp. Laws Ann. § 700.7603(1) (enacted in 2009, and first effective April 1, 2010) states that "[s]ubject to subsection (2), while a trust is revocable, rights of the trust beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor." As it relates to the issues in this case, this statute does nothing more than confirm that Defendant's present vested interest was *contingent* as of the bankruptcy petition date, as noted above.

22. Defendant argues that under Mich. Comp. Laws Ann. § 700.3903, her bankruptcy discharge eliminated the Plaintiff Trust's right of setoff that otherwise may have arisen under Michigan common law. That Michigan statute states:

> The amount of a successor's noncontingent indebtedness to the estate if due, or its present value if not due, shall be offset against the successor's interest. **However, the successor has the benefit of a defense that would be available to the successor in a direct proceeding for recovery of the debt.**

(Emphasis added). Defendant argues that her bankruptcy discharge is a defense of the type described in the second sentence of this statute, so that the discharge bars the Plaintiff Trust's right of setoff. Defendant cites a case from Minnesota, applying a similar Minnesota statute, in support of her argument. *In re The Matter of the Trust Created Under the Last Will and Testament of Robert G. Cargill*, 420 N.W. 2d 268 (Minn. Ct. App. 1988).

23. The Plaintiff Trust argues that the Michigan statute, § 700.3903, does not apply to a non-testamentary trust. Rather, Plaintiff argues that it applies only to a probate estate involving a will or intestate succession, and as to trusts, at most, a testamentary trust (that is, a trust created by a will). And Plaintiff points out that the trust in the Minnesota case, *Cargill*, was a testamentary trust.

24. Neither party has cited any Michigan case deciding whether § 700.3903 applies to a non-testamentary trust like the Plaintiff Trust. That issue appears, to this Court at least, to be a difficult issue of state law. In considering the issue, this Court has reviewed all of Michigan's lengthy "Estates and Protected Individuals Code" (also known as "EPIC"), contained in Mich. Comp. Laws Ann. §§ 700.1101 through 700.8206, and in particular (a) Article III of EPIC, entitled "Probate of Wills and Administration," §§ 700.3101 through 700.3988; and (b) Article

VII of EPIC, called by § 700.7101 the "Michigan trust code," and its Part 6, entitled "Revocable Trusts," §§ 700.7601 through 700.7615. The Court concludes that this difficult issue of Michigan law should be decided by the State Court, rather than this Court. So this Court will abstain from deciding this issue, as discussed further below.

25. But this Court does rule on the merits to this extent: the Court concludes that *if* Mich. Comp. Laws Ann. § 700.3903 does apply, then Defendant's bankruptcy discharge did eliminate the Plaintiff Trust's claimed right of setoff. If, on the other hand, Mich. Comp. Laws Ann. § 700.3903 does *not* apply, then Defendant's bankruptcy discharge did *not* eliminate the Plaintiff Trust's claimed right of setoff.

26. For the reasons stated above, then, *if* Mich. Comp. Laws Ann. § 700.3903 does not apply to the Plaintiff Trust, the Plaintiff Trust has a right, under Michigan common law, to offset any debt it owes to Defendant (*e.g.*, distributions due to Defendant from the Plaintiff Trust) against any debt Defendant owed to the Plaintiff Trust before Defendant obtained her bankruptcy discharge. That setoff right would survive Defendant's bankruptcy discharge. Whether § 700.3903 applies to the Plaintiff Trust, and whether Defendant owed any debt to the Plaintiff Trust, are issues that can and should be decided by the State Court, rather than this Court, as discussed below.

27. The Plaintiff Trust argues that the State Court Judgment is entitled to preclusive effect on the issue of Defendant's debt to the Trust, under principles of collateral estoppel. As this Court has held in other cases, a default judgment entered by a Michigan court is generally entitled to preclusive effect in the Michigan courts, under Michigan's law of collateral estoppel, and therefore is also entitled to preclusive effect in this federal court, under the federal Full Faith

11

and Credit statute. For a detailed discussion of this point, *see McCallum v. Pixley* (*In re Pixley*), 504 B.R. 852, 856-62 (Bankr. E.D. Mich. 2014); *McCallum v. Pixley* (*In re Pixley*), 456 B.R. 770, 775-78 (Bankr. E.D. Mich. 2011).

28. But this general rule is subject to certain exceptions. One exception is that when a state court judgment is obtained by a party's fraud on the state court, that judgment is subject to collateral attack, and is *not* to be given preclusive effect. During oral argument on the motions, counsel for the parties agreed on this proposition of law, and numerous cases cited by Defendant support this point. *See, e.g., Heiser v. Woodruff*, 327 U.S. 726, 736 (1946); *Meindl v. Genesys Pac. Techs, Inc.* (*In re Genesys Data Techs., Inc.*), 204 F.3d 124, 130 (4th Cir. 2000); *In re Bulic*, 997 F.2d 299, 304-05 (7th Cir 1993).

29. Defendant urges this Court to find that the State Court Judgment was obtained by the Plaintiff Trust's fraud on the State Court. The Plaintiff Trust disputes that there was any fraud on the State Court. This Court concludes that it should not decide the merits of this dispute. Rather, this Court should and will abstain from doing so. The State Court is the court that should make this determination,[5] *and* make any determination about what the remedy or remedies should be, if it finds that the Plaintiff Trust, or its Trustee, or its attorneys, practiced a fraud upon the State Court. *Cf.* 28 U.S.C. § 1334(c)(1) (district court (of which bankruptcy court is a unit under 28 U.S.C. § 151) may abstain from hearing a particular proceeding arising under the Bankruptcy Code, or arising in or related to a bankruptcy case, "in the interest of justice, or **in the interest of comity with State courts or respect for State law**")(emphasis added).

---

[5] *E.g.*, upon a motion or independent action that Defendant can file seeking relief from the State Court Judgment because of fraud upon the court. *See* Mich. Ct. R. 2.612(C)(1)(c), 2.612(C)(1)(f), and/or 2.612(C)(3).

30. Similarly, the State Court (which is supervising the administration of the Plaintiff Trust) is the court that should decide, if it declines to give the State Court Judgment preclusive effect or vacates that judgment, the following issues under state law: whether Defendant owed a debt to the Plaintiff Trust (until it was discharged in Defendant's bankruptcy case), and if so, the amount of such debt.

31. And the State Court is the court that should decide the issue of state law discussed in paragraphs 22-24 above, so this Court abstains from deciding that issue as well.

32. Defendant argues that this Court may and should deny the Plaintiff Trust the right of setoff described in paragraph 26 above, for equitable reasons. This is so, Defendant argues, because the Plaintiff Trust acted inequitably and in bad faith, in the conduct amounting to an alleged fraud upon the State Court, referred to in paragraphs 5 and 29 above. Defendant argues that this Court has such authority to deny a creditor's right of setoff that otherwise qualifies for survival of discharge under Bankruptcy Code § 553(a), based on such cases as, for example, *Gordon Sel-Way, Inc. v. United States (In re Gordon Sel-Way, Inc.*), 270 F.3d 280, 292 (6th Cir. 2001)(which concerned setoff of mutual *post-petition* debts, unlike this case, rather than a setoff right protected by Bankruptcy Code § 553(a)). Assuming that this Court has such authority, the Court declines to use it in this case. This is because Defendant's charge of inequitable conduct involves, in substance, the same alleged conduct that Defendant claims was a fraud on the State Court, an issue this Court is abstaining from deciding, and which Defendant must pursue in the State Court, if anywhere. And Defendant can seek any appropriate relief from the State Court, if she persuades that court that Plaintiff or Plaintiff's agents committed a fraud upon that court. Such possible relief includes, among other things, relief from the State Court Judgment; a

13

determination that Defendant never owed any debt to the Plaintiff Trust; and monetary sanctions against the Trust, its Trustee, and perhaps its attorneys.

33. For similar reasons, this Court declines Defendant's request in her summary judgment motion that this Court sanction the Plaintiff Trust for its fraud upon the State Court, and for its conduct in then bringing this adversary proceeding premised upon the allegedly fraudulent State Court Judgment. As noted in paragraph 32 above, the State Court is the place for Defendant to seek any relief for the Plaintiff Trust's alleged misconduct.

34. It follows from all of the above that the unresolved portion of Defendant's summary judgment motion must be denied, and the Plaintiff Trust's summary judgment motion must be granted, but only in part. The Plaintiff Trust is entitled to summary judgment granting it a declaratory judgment limited to the following: a judgment declaring only that if Mich. Comp. Laws Ann. § 700.3903 does not apply to the Plaintiff Trust, then the Plaintiff Trust has a right, under Michigan common law, to offset any debt it owes to Defendant (*e.g.*, distributions due to Defendant from the Trust) against any debt Defendant owed to the Plaintiff Trust before Defendant obtained her bankruptcy discharge; and such setoff right survives Defendant's bankruptcy discharge. Whether § 700.3903 applies to the Plaintiff Trust, and whether Defendant owed any debt to the Plaintiff Trust, however, are issues on which this Court abstains, because they are issues that can and should be decided by the State Court, rather than this Court.

35. The Court will deny Defendant's motion to strike Plaintiff's summary judgment motion (Docket # 117, the "Motion to Strike"), for the following reasons. The grounds argued in the Motion to Strike are unrelated to the issues that this Court is deciding, in ruling on Plaintiff's summary judgment motion; rather, they relate to the issues on which this Court is abstaining,

which issues are left open for the parties to litigate in the State Court. Under the circumstances, there is no good reason for the Court to strike Plaintiff's summary judgment motion, rather than to decide that motion in the way the Court is now doing.

## IV. Conclusion

For the reasons stated in this opinion, the Court will enter a separate order (A) granting the unresolved portion of the Plaintiff Trust's summary judgment motion in part, and otherwise denying it; (B) denying the unresolved portion of Defendant's summary judgment motion; (C) denying Defendant's motion to strike; (D) entering the declaratory judgment described in ¶ 34 above; and (E) otherwise dismissing the Plaintiff Trust's complaint. The Order also will state that each party is to bear its/her own costs and attorney fees of this adversary proceeding.

**Signed on September 15, 2015**       **/s/ Thomas J. Tucker**
                                        **Thomas J. Tucker**
                                        **United States Bankruptcy Judge**